# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE DEARWESTER, <br><br> Plaintiff, <br><br> v. <br><br> CDCR, et al., <br><br> Defendants. | Case No. 1:15-cv-00415 DLB PC <br><br> ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND <br><br> THIRTY-DAY DEADLINE |

Plaintiff Frank Lee Dearwester ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 26, 2015, and it was transferred to this Court on March 16, 2015.  Plaintiff's original complaint was stricken because it was unsigned, and he filed his First Amended Complaint ("FAC") on June 9, 2015.[1]  Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR"), North Kern State Prison ("NKSP"), Quest Diagnostics, and NKSP doctors Odeluga, Shittu, Krzysiak and Robles as Defendants.[2]

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

---

[1] The FAC was originally filed in a new action, 1:15-cv-00621 SKO.  However, that action was dismissed as duplicative and the complaint was filed as the FAC in this action.

[2] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on March 12, 2015.

1

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C.
4  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid,
5  the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .
6  fails to state a claim upon which relief may be granted."  28 U.S.C.
7  § 1915(e)(2)(B)(ii).

8      A complaint must contain "a short and plain statement of the claim showing that the pleader
9  is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
10  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
11  do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,
12  550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to
13  'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual
14  allegations are accepted as true, legal conclusions are not.  Id.

15      Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
16  federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092
17  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.
18  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or
19  omissions of each named defendant to a violation of his rights; there is no respondeat superior
20  liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d
21  1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);
22  Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim
23  for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).
24  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S.
25  at 678; Moss, 572 F.3d at 969.
26  ///
27  ///
28  ///

**B.     SUMMARY OF PLAINTIFF'S ALLEGATIONS[3]**

Plaintiff is currently incarcerated at Corcoran State Prison.  The events at issue occurred while he was incarcerated at NKSP.

Plaintiff alleges that on August 1, 2013, he was processed through NKSP Medical Diagnostics.  On August 20, 2013, he received a "Notification of Diagnostic Test Results" indicating a positive HIV lab result.  Plaintiff immediately began having heart palpitations and psychological symptoms (including stress, anxiety, claustrophobia, insomnia, depression and panic attacks).

Plaintiff attended a follow-up appointment on August 30, 2013, with the doctor on duty, and had another HIV blood draw.  Plaintiff contends that this visit was disconcerting "due to the competence of CDCR Medical Staff at NKSP."  ECF No. 17, at 5-6.

On September 11, 2013, Plaintiff received test results which he contends only caused further trauma.  The results indicated that Plaintiff was "being scheduled" and provided "quasi-confirmation" of the prior positive test result.  ECF No. 17, at 6.

Plaintiff was seen by Defendant Krzysiak on October 9, 2013.  Defendant Krzysiak tried to alleviate Plaintiff's fears by suggesting that the false-positive result may have been caused by mixing inmate medical records.  Defendant Krzysiak suggested that Plaintiff receive another test in six months.  Plaintiff obtained the medical records "that the doctors showed [him] were conflicting." ECF No. 17, at 6.

Plaintiff states that he has undergone multiple HIV blood draws and has not been notified of any positive results and therefore believes that he is not HIV positive.

Plaintiff contends that from August 20, 2013, to October 9, 2013, he suffered extreme mental anguish and thought he was going to die.  He states that he is still fighting the psychological impact and physical stress of the false positive HIV test results.

Based on these facts, Plaintiff alleges a violation of the Eighth Amendment.  He asks that each named party "be held responsible for their own involvements in the mishandling of [his] and the unknown other prisoner/patient's records which produced this false-positive HIV test result, be

///

---

[3] Plaintiff references exhibits that are attached to his original complaint, which was stricken from the record.

that individual employees, CDCR, NKSP, associate corporations, and entities involved in the administrative appeals process." ECF No. 17, at 8.

**C.    DISCUSSION**

    1.    CDCR and NKSP

Plaintiff names CDCR and NKSP as Defendants.  Plaintiff is advised that he may not sustain an action against CDCR or a state prison.  The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).

Therefore, both CRCR and NKSP, which is part of CDCR, are entitled to Eleventh Amendment immunity from suit.

    2.    Defendants Quest Diagnostics, Odeluga, Shittu and Robles

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

Plaintiff names Quest Diagnostics[4] and Drs. Odeluga, Shittu and Robles as Defendants, but he does not include any factual allegations against them. If he believes that these Defendants played a role in denying him adequate medical care, he has to allege facts to support his contention.

To the extent that these Defendants may have been involved in the denial of his appeals, Plaintiff is advised that generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. Peralta v. Dillard, 744 F.3d 1076, 1086-87 (9th Cir. 2014) (involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of alleged violation); George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. Moreover, to state a claim against an official who reviewed an appeal, there must be an underlying constitutional violation in the first place.

Plaintiff therefore fails to state a claim against Defendants Quest Diagnostics, Odeluga, Shittu and Robles.

3.    Eighth Amendment

The Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, but it is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122

---

[4] Where a private entity contracts with a public agency to provide services, the entity may be liable under section 1983.

5

(citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's allegations are based on a false-positive HIV test, and the resulting mental and physical suffering.  However, under the allegations presented, Plaintiff has not alleged that any Defendant acted with the requisite state of mind, i.e., that they knew of a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.

In fact, Plaintiff's allegations against Defendant Krzysiak show that he attempted to alleviate Plaintiff's fears when he saw him on October 9, 2013.  In other words, Defendant Krzysiak knew that Plaintiff was upset and fearful over the false-positive test results and tried to explain why the result may have occurred.  This shows no deliberate indifference on the part of Defendant Krzysiak.

Moreover, Plaintiff believes that a "mishandling" of inmate records may have caused the test result.  Elsewhere in his FAC, he cites Defendants' "negligence."  ECF No. 17, at 8.  Neither mistakes nor negligent acts can support a finding of deliberate indifference.  Even assuming Defendants erred, an Eighth Amendment claim may not be premised on even gross negligence by a physician.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Finally, Plaintiff questions the competency of "CDCR Medical Staff at NKSP," but this allegation is too vague to state a claim.  ECF No. 17, at 5-6.  Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm, 680 F.3d at 1121-1122; Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

For these reasons, Plaintiff facts do not support a finding that any Defendant acted with deliberate indifference.  He therefore fails to state a claim under the Eighth Amendment.

## D.    CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar, 698 F.3d at 1212-13; Lopez, 203 F.3d at 1130. However, Plaintiff should only amend if he believes that he can do so in good faith.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere respondeat superior, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **October 27, 2015**                /s/ *Dennis L. Beck*
                                                                                UNITED STATES MAGISTRATE JUDGE