UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE DEARWESTER, | No. 1:15-cv-00415 DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| CDCR, et al., | |
| Defendants. | |

Plaintiff Frank Lee Dearwester ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 26, 2015, and it was transferred to this Court on March 16, 2015.  Plaintiff's original complaint was stricken because it was unsigned, and he filed his First Amended Complaint ("FAC") on June 9, 2015.[1]

Pursuant to Court order, Plaintiff filed a Second Amended Complaint on May 2, 2016. Plaintiff names the California Department of Corrections and Rehabilitation ("CDCR"), North Kern State Prison ("NKSP") Warden Doe, NKSP, Quest Diagnostics, NKSP doctors Odeluga, Shittu, Krzysiak and Robles and Does 1-99 as Defendants.[2]

---

[1] The FAC was originally filed in a new action, 1:15-cv-00621 SKO.  However, that action was dismissed as duplicative and the complaint was filed as the FAC in this action.

[2] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on March 12, 2015.

A.      **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962,

///

969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at Corcoran State Prison.  The events at issue occurred while he was incarcerated at NKSP.

Plaintiff alleges that on August 1, 2013, he was processed through NKSP Medical Diagnostics, where Doe employees collected his bodily fluids for testing.  The testing was motivated by the Warden's policy, and performed under the direction and supervision of Defendants Shittu and/or Krzysiak and/or Robles.  The test was performed on site by Doe employees of Quest Diagnostics.

On August 20, 2013, he received a "Notification of Diagnostic Test Results" indicating a positive HIV test result.  Plaintiff immediately began having heart palpitations and psychological symptoms, including stress, anxiety, claustrophobia, insomnia, depression and panic attacks.

Plaintiff attended a follow-up appointment on August 29, 2013, during which the doctor offered no explanation or relief.  Instead, he ordered another HIV blood draw, which was taken on August 30, 2013.

On September 11, 2013, Plaintiff received test results which he contends only caused further trauma.  The results indicated that Plaintiff was "being scheduled" and provided "quasi-confirmation" of the prior positive test result.  ECF No. 30, at 2.

Plaintiff was seen by Defendant Krzysiak on October 9, 2013, but he did nothing to alleviate his concerns.  Instead, Defendant Krzysiak only cited the negligence of unnamed employees, stating that the results were confusing to him.  Defendant Krzysiak told Plaintiff that "they" must have mixed his test results, or specimen, with that of someone else.  ECF No. 30, at 3.  He suggested that Plaintiff receive another test in six months.

Plaintiff states that he has undergone multiple HIV blood draws and has not been notified of any positive results.  He is not under any medical regimen for HIV treatment.

Plaintiff alleges that while this is "outstanding news," there was a period of time when he underwent extreme mental anguish.  When the initial incident happened, "there was/were no end-

date(s) presented upon which time [Plaintiff] might expect some relief." ECF No. 30, at 3. He states that "this negligent act or series of acts" made him feel that he was doomed to die a horrible and painful death. This level of stress was constant for the fifty-one days between August 20, 2013, and October 9, 2013. He is still suffering the psychological impact.

Plaintiff believes that the employees who sampled his blood on August 1, 2013, were negligent in their duty to properly label the vial. The employees who assigned sample numbers, or affixed identification stickers to Plaintiff's medical records, were negligent in not assigning the correct number.

As to Doe employees of Quest Diagnostics, Plaintiff alleges that they were negligent in their duty to provide accurate test results, and to ensure that the samples and corresponding medical records remained separate from one another.

Plaintiff further alleges that the Warden is liable for the "negligent/injurious event" because it was performed as a matter of policy, and was not an isolated incident. The Warden is also responsible for the direct supervision of the Doe employees of NKSP.

Plaintiff believes that Defendant doctors Shittu, Krzysiek, Odeluga or Robles are liable because the "negligent/injurious" incident was a matter of policy for which they are responsible for implementing and/or maintaining. They are also responsible for the direct supervision of the Doe employees who took actions under this policy. ECF No. 30, at 4.

Finally, Plaintiff contends that Defendants Shittu and Odeluga are responsible for "perpetuating" the injury by denying Plaintiff's appeals on January 2, 2014, and April 23, 2014, respectively. ECF No. 30, at 5.

**C.  DISCUSSION**

1.  CDCR and NKSP

Plaintiff again names CDCR and NKSP as Defendants. Plaintiff is advised that he may not sustain an action against CDCR or a state prison. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf &

Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).

Therefore, both CDCR and NKSP, which is part of CDCR, are entitled to Eleventh Amendment immunity from suit.

### 2. Eighth Amendment

The Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, but it is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Plaintiff's allegations are based on a false-positive HIV test, and the resulting mental and physical suffering. In the prior screening order, the Court explained that Plaintiff failed to demonstrate that any Defendant acted with the requisite state of mind, i.e., that they knew of a

///

substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.

In amending, Plaintiff has added numerous allegations, but they do not correct the deficiency. Plaintiff repeatedly cites the negligent acts of various Defendants, but neither mistakes nor negligent acts can support a finding of deliberate indifference. Even assuming Defendants erred, an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

As to Defendant Krzysiak, Plaintiff now alleges that he did nothing to alleviate his concerns. However, in his First Amended Complaint, Plaintiff stated that Defendant tried to alleviate his worries by suggesting that the false-positive result may have been caused by mixing inmate medical records. Plaintiff cannot contradict his prior statements in an attempt to state a claim.

Plaintiff also suggests that Defendants were deliberately indifferent because when the initial incident happened, "there was/were no end-date(s) presented upon which time [Plaintiff] might expect some relief." ECF No. 30, at 3. This failure to act in the way Plaintiff would have liked does not rise to the level of deliberate indifference. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). Plaintiff has not made such a showing.

Plaintiff's suggestion that Defendants did not respond to his concerns also fails to state a claim. "A prison official's duty under the Eighth Amendment is to ensure reasonable safety, a standard that incorporates due regard for prison officials' unenviable task of keeping dangerous

men in safe custody under humane conditions." Farmer v. Brennan, 511 U.S. 825, 844-45, 114 S.Ct. 1970 (1994) (internal quotation marks and citations omitted).  Thus, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if harm ultimately was not averted." Id. at 844.

Here, the facts show that Plaintiff was seen by different doctors between August 20, 2013, and October 9, 2013.  At his August 29, 2013, appointment, the doctor ordered another test.  At his appointment with Defendant Krzysiak, Defendant offered an explanation for the results and suggested that Plaintiff have another test in six months.  While Plaintiff may have believed that the situation should have been handled differently, there was no failure to reasonably respond.

Plaintiff seems to indicate that he understands that his allegations do not rise to the level of a constitutional violation.  He states, "[i]f this Court is unable or unwilling to address this matter as a negligence or personal injury matter, but requires any claim be a constitutional question only, then Plaintiff prays that liberal construal be interpreted by this Court to include its referral of this matter to a more appropriate lower court, such as the Superior Court. . ." ECF No. 30, at 5-6.

For the above reasons, Plaintiff fails to state a claim under the Eighth Amendment.

### 3. Supervisory Liability

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013).

"A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681

F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16.  "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation."  Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

The Court explained the requirements of supervisory liability in the prior screening order.  Plaintiff now attempts to correct this deficiency by citing an unnamed policy pursuant to which the testing was performed.  Plaintiff's allegations, however, are speculative and contain no facts to state a claim.

Finally, as to Defendants Shittu and Odeluga, Plaintiff states that they were personally involved because they denied his appeals.  Again, denying a prisoner's administrative appeal generally does not cause or contribute to the underlying violation.  George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted).  However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.  That circumstance has not been presented here.

Plaintiff's conclusory allegation that Defendants Shittu and Odeluga denied his medical appeals is insufficient to support a plausible claim for relief.  Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.  Further, Plaintiff has not stated a viable claim against any Defendant for denying him medical care.  Absent the presentation of facts sufficient to show that an Eighth Amendment violation occurred in the first place, Plaintiff cannot pursue a claim against those who reviewed the administrative appeal grieving the underlying denial of medical care.

Plaintiff therefore fails to state a claim based on supervisory liability.

**D.    CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court has provided Plaintiff with an opportunity to amend, but he has failed to correct

1 | the deficiencies.  Based on the nature of the issues, and Plaintiff's request that this action be sent to the correct court, the court finds that further leave to amend is not warranted.  Akhtar, 698 F.3d at 1212-13; Lopez, 203 F.3d at 1130.

Accordingly, this action is DISMISSED for failure to state a claim for which relief may be granted.

IT IS SO ORDERED.

Dated:   **July 13, 2016**                              /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE