UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE DEARWESTER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | **1:15-cv-00415-GSA-PC**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FILING FEES**<br>**(ECF No. 33.)** |

　　　　Frank Lee Dearwester ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On July 13, 2016, this case was dismissed for failure to state a claim, judgment was entered, and the case was closed. (ECF No. 31, 32.)

　　　　On May 8, 2020, Plaintiff filed a motion for relief from the filing fees under the Prisoner Litigation Reform Act (PLRA). (ECF No. 33.) Plaintiff moves to modify the collection of filing fees from his inmate trust account.

1

Pursuant to the PLRA, a prisoner proceeding *in forma pauperis* is required to pay the full filing fee when bringing a civil action. See 28 U.S.C. § 1915(b)(1). After collection of an initial filing fee, the prisoner is statutorily obligated, when funds exist, to make "monthly payments of 20 percent of the preceding month's income credited" to the prisoner's inmate trust account. Id. § 1915(b)(2). These payments are collected and forwarded by the agency having custody of the prisoner to the Clerk of the Court.

Plaintiff currently works for the California Department of Corrections and Rehabilitation at Mule Creek State Prison producing reusable fabric face masks that are in demand due to the Covid-19 pandemic. Plaintiff works full time, seven days per week, for up to ten hours per day. He currently earns $.50 (fifty cents) per hour.

Plaintiff filed several civil rights cases in multiple courts and was granted leave to proceed *in forma pauperis*. Fifty-five percent of Plaintiff's wages are deducted for court-ordered restitution. Plaintiff's understanding was that 20 percent of his wages would be deducted for filing fees in addition to the 55 percent for restitution. He was not aware until he became employed that filing fees from multiple cases would "stack up" instead of being taken sequentially. (ECF No. 33 at 2:20.) CDCR deducts 20 percent from Plaintiff's wages for each of the cases in which fees are owed, depleting Plaintiff's funds to no more than $10.00 per month. Plaintiff would like to purchase supplemental food and coffee to help fuel his extra work hours. Plaintiff requests the court to limit the number of deductions per month from his wages to 20 percent total beyond the 55 percent for restitution.

The United States Supreme Court has held that § 1915(b)(2) "calls for 'monthly payments of 20 percent of the preceding month's income' *simultaneously for each action* pursued" rather than payments of 20 percent collected *sequentially* for each action. Bruce v. Samuels, 577 U.S. 82, 90 (2016) (emphasis added). In Bruce, the Supreme Court expressly rejected Plaintiff's argument and approved "a per-case approach under which a prisoner would pay 20 percent of his monthly income *for each case* he has filed." Id. at 84 (emphasis added). Accordingly, Plaintiff has no grounds for relief.

///

Therefore, based on the foregoing, Plaintiff's motion to modify the collection of filing fees from his inmate trust account, filed on May 8, 2020, (ECF No. 33) is DENIED.

IT IS SO ORDERED.

Dated:  **September 29, 2021**                               **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE